Tyrone A. Blackburn, Esq.
Attorney ID No. 232602020
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
Tel: (347) 342-7432
Counsel for Plaintiff, Robert Porcelli

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT PORCELLI,<br><br>Plaintiff,<br><br>v.<br><br>PORT NEWARK MAINTENANCE AND REPAIR, LLC; JANE AND JOHN DOE 1-10; AND ABC CORP. 1-10,<br><br>Defendants. | Case No. 2:24-cv-00504-MCA-JBC<br><br>Notice Of Motion for Reconsideration of The Court's August 20, 2026, Order and, In the Alternative, to Alter or Amend the Judgment |

TO: **ALL COUNSEL OF RECORD**

PLEASE TAKE NOTICE that on Monday, September 21, 2026, at 9:00 a.m., or on such other date and at such other time as counsel may be heard, Plaintiff Robert Porcelli, through his counsel Tyrone A. Blackburn, Esq., shall move before the Honorable Madeline Cox Arleo, U.S.D.J., at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102, for an Order:

1. Granting reconsideration of the Court's Letter Order entered August 20, 2026 (ECF No. 33) pursuant to L. Civ. R. 7.1(i) and, in the alternative, altering or amending the judgment pursuant to Fed. R. Civ. P. 59(e);
2. Vacating the Letter Order entered August 20, 2026 (ECF No. 33) in its entirety;
3. Reinstating Plaintiff's claim under the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq.*, as pleaded in the Third Amended Complaint (ECF No. 26), and denying Defendant's motion to dismiss that claim (ECF No. 27);
4. Reopening this matter and vacating the direction to the Clerk of Court to close the case;
5. In the alternative, and only if the Court declines to reinstate the Third Amended Complaint, vacating the dismissal to the extent it was entered with prejudice and granting Plaintiff leave to file a Fourth Amended Complaint, limited to his CEPA claim and conforming to the requirements of Fed. R. Civ. P. 8, within a period to be set by the Court; and
6. Granting such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that this motion is made on the ground that the Order rests on a clear error of law and fact and that reconsideration is necessary to prevent manifest injustice, *see Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, *Cuttic v. Crozer-Chester Med. Ctr*., 806 F. Supp. 2d 796, in that, among other things:

a) the Third Amended Complaint satisfies Fed. R. Civ. P. 8, which imposes minimal burdens and prescribes no maximum length, and Defendant's ability to mount an element-by-element attack on the pleading establishes that it received fair notice of the claim against it;
b) the factual detail the Order treats as excessive was added in direct response to the Court's own instruction to "carefully articulate the factual basis underlying a CEPA claim" and to Defendant's repeated objection that Plaintiff's earlier pleadings failed to identify the conduct he believed unlawful or the law he believed it violated;
c) the Order rests on a chronology the record contradicts, including a footnote attributing to the Third Amended Complaint a disciplinary date that appears nowhere in that pleading; and
d) the Order does not address the curative-amendment requirement of *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)[1] — the decision the Order cites at 233 for the Rule 12(b)(6) standard — and dismisses with prejudice where Defendant's own moving and reply papers requested, in the alternative, that Plaintiff be directed to file a conforming amended complaint.

PLEASE TAKE FURTHER NOTICE that Plaintiff shall rely upon the Memorandum of Law and the Declaration of Tyrone A. Blackburn, Esq., both submitted herewith, together with the pleadings, motion papers, and orders previously filed on the docket in this action.

PLEASE TAKE FURTHER NOTICE that, because every document referenced in the accompanying Declaration is already on file with the Court, no exhibits are annexed thereto.

PLEASE TAKE FURTHER NOTICE that this motion is timely. It is filed on August 20, 2026, the same day the Letter Order was entered, and therefore within both the fourteen-day period prescribed by L. Civ. R. 7.1(i) and the twenty-eight-day period prescribed by Fed. R. Civ. P. 59(e). The return date noticed above is the first regular motion day falling at least twenty-four days after the date of filing. *See* L. Civ. R. 7.1(c)(1), 78.1(a).

PLEASE TAKE FURTHER NOTICE that a proposed form of Order is submitted herewith.

PLEASE TAKE FURTHER NOTICE that, pursuant to L. Civ. R. 7.1(d)(3), no reply papers may be filed on a motion for reconsideration brought under L. Civ. R. 7.1(i) unless the Court otherwise orders.

---

[1] *Phillips v. County of Allegheny*, 515 F.3d 224, 515 F.3d 224, 245 (3d Cir. 2008) establishes that if a complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), a district court must permit a curative amendment unless such an amendment would be inequitable or futile *Phillips v. County of Allegheny*, 515 F.3d 224. This obligation applies even if the plaintiff does not actively seek leave to amend the complaint *Phillips v. County of Allegheny*, 515 F.3d 224. When a district court order fails to address this requirement—by dismissing a complaint with prejudice without granting leave to amend and without making explicit findings regarding inequity, futility, or the plaintiff's intent to stand on the complaint—it constitutes a procedural error requiring remand *Phillips v. County of Allegheny*, 515 F.3d 224.

PLEASE TAKE FURTHER NOTICE that oral argument is requested.

Dated: August 20, 2026
Brooklyn, New York

Respectfully submitted,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.
Attorney ID No. 232602020
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
Tel: (347) 342-7432
*Counsel for Plaintiff, Robert Porcelli*