**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT PORCELLI,<br><br>Plaintiff,<br><br>v.<br><br>PORT NEWARK MAINTENANCE AND REPAIR, LLC, JANE AND JOHN DOE 1-10, AND ABC CORP. 1-10,<br><br>Defendants. | Case No. 2:24-cv-00504-MCA-JBC<br><br>**Motion Day: September 21, 2026** |

---

**BRIEF OF DEFENDANT, PORT NEWARK MAINTENANCE AND REPAIR, LLC, IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

K&L GATES LLP
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Telephone: (973) 848-4000
Facsimile: (973) 848-4001
Email: george.barbatsuly@klgates.com

Attorneys for Defendant
Port Newark Maintenance and Repair, LLC

George P. Barbatsuly
Of Counsel and On the Brief

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................ 1

BACKGROUND ........................................................................................................ 2

A. Pertinent Factual Allegations of the TAC ........................................................ 2

B. Procedural History .............................................................................................. 3

STANDARD OF REVIEW ........................................................................................ 6

LEGAL ARGUMENT ................................................................................................ 6

PLAINTIFF'S MOTION FOR RECONSIDERATION MUST BE DENIED ......... 6

A. Plaintiff's Motion for Reconsideration Does Not Include a Brief as Required by L. Civ. R. 7.1(i) ........................................................................ 6

B. Each Ground for Reconsideration Set forth in Plaintiff's Notice of Motion Lacks Merit ............................................................................................ 7

1. The Court properly found that the TAC was unnecessarily verbose in violation of Fed. R. Civ. P. 8 ........................................................ 8

2. The Court properly found that the TAC was unnecessarily repetitive, also in violation of Fed. R. Civ. P. 8 .................................... 9

3. The Court correctly relied on the chronology set forth in the TAC in finding that Plaintiff failed to plausibly allege a CEPA claim ....... 10

4. Having had multiple chances to amend, Plaintiff was not entitled to another attempt at a curative amendment ....................................... 13

CONCLUSION ......................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

## Cases

Adderly v. Stofko,
646 F. App'x 138 (3d Cir. 2016) ....................................................................8

Bowers v. Nat'l Collegiate Athletic Ass'n,
130 F. Supp. 2d 610 (D.N.J. 2001)................................................................6

Choy v. Comcast Cable Commc'ns, LLC,
629 F. App'x 362 (3d Cir. 2015) ..................................................................12

Glanzman v. Metro Mgmt. Corp.,
391 F.3d 506 (3d Cir. 2004) .........................................................................11

Gligor v. Alley Cat Allies, Inc.,
No. 1:20-CV-19956, 2023 WL 3558191 (D.N.J. May 18, 2023) ......................12

Harden v. Absolute Home Mortgage Corp.,
Case No. 24-cv-10402-ESK-MJS, 2025 WL 136416 (D.N.J. May 12, 2025),
aff'd, No. 25-2009, 2026 WL 837284 (3d Cir. Mar. 26, 2026) ...........................7

In re Westinghouse Securities Litig.,
90 F.3d 696 (3d Cir. 1996) ...........................................................................8

Interfaith Cmty. Org. v. Honeywell Int'l, Inc.,
215 F. Supp. 2d 482 (D.N.J. 2002)................................................................6

LaSpina v. SEIU Pennsylvania State Council,
985 F.3d 278 (3d Cir. 2021) ...................................................................13, 15

Max's Seafood Cafe v. Quinteros,
176 F.3d 669 (3d Cir. 1999) ..........................................................................6

Mendez v. Draham,
182 F. Supp. 2d 430 (D.N.J. 2002)...........................................................8, 10

Phillips v. County of Allegheny,
515 F.3d 224 (3d Cir. 2008) ....................................................................13

Riboldi v. Warren Cnty. Dep't of Hum. Servs.,
781 F. App'x 44 (3d Cir. 2019) ..........................................................13, 15

Thomas v. Town of Hammonton,
351 F.3d 108 (3d Cir. 2003) ....................................................................12

Untracht v. Fikri,
368 F. Supp. 2d 409 (W.D. Pa. 2005).....................................................9, 10

Vorchheimer v. Philadelphian Owners Ass'n,
903 F.3d 100 (3d Cir. 2018) ..............................................................14, 15

Vurimindi v. City of Philadelphia,
521 F. App'x 62 (3d Cir. 2013) ..........................................................14, 15


**Statute**


N.J.S.A. 34:19-3...........................................................................................11


**Rules**


Fed. R. Civ. P. 8 ...........................................................................1, 4, 8, 9, 15

Fed. R. Civ. P. 8(a)(2).....................................................................................8

Fed. R. Civ. P. 8(d)(1).....................................................................................8

Fed. R. Civ. P. 59(e).........................................................................................1

L. Civ. R. 7.1(i) ...........................................................................................6, 7


**Treatise**


5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217
(4th ed. 2026) ..................................................................................................8

## PRELIMINARY STATEMENT

Plaintiff Robert Porcelli ("Plaintiff") was given three opportunities to state a claim against Defendant Port Newark Maintenance and Repair LLC ("PNMR") upon which relief can be granted. In an order dated October 29, 2025, the Court granted Plaintiff "one final opportunity" to file a Third Amended Complaint ("TAC") as to his only remaining claim under New Jersey's Conscientious Employee Protection Act ("CEPA"). See ECF No. 25. Plaintiff failed to avail himself of this one final opportunity. As the Court found in its Letter Order dated August 20, 2026 ("Letter Order"), the TAC was unnecessarily verbose, needlessly repetitive, and failed to comply with Fed. R. Civ. P. 8. ECF No. 33. As the Court also found, even if the TAC had been pled with the clarity and brevity required by Rule 8, Plaintiff failed to plead a viable CEPA claim because he did not plausibly allege that his warnings, suspension, and termination were causally connected to his alleged whistleblowing complaint. Id. Thus, the Court properly dismissed the TAC with prejudice. See id.

Now, Plaintiff asks the Court to reconsider its Letter Order or, alternatively, to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). ECF Nos. 34, 34-1. This request should be rejected out-of-hand. Reconsideration is an extraordinary remedy that courts grant very sparingly. Moreover, under the local rules of this Court, the party seeking reconsideration must include a brief setting forth concisely

the matter or controlling decisions that the party believes the Court overlooked. Plaintiff's motion does not include a brief at all, much less identify matters or controlling decisions presented to the Court but overlooked. Thus, Plaintiff's motion must be denied in its entirety.

## BACKGROUND

### A. Pertinent Factual Allegations of the TAC

PNMR hired Plaintiff in 2008 or 2009 as a crane mechanic. TAC ¶ 4. In January 2022, Plaintiff received a written warning for "seven unexcused absences and 28 instances of lateness or early departure." Id. ¶ 33. Plaintiff alleges that, in "July 2022 (beginning of month)," he reported to his supervisor multiple violations of laws that he allegedly believed PNMR was committing. Id. ¶ 304. For example, Plaintiff alleges that he reported he was not appropriately compensated for overtime hours. Id. ¶¶ 380–450. Plaintiff also alleges that he told his supervisor that PNMR was in violation of various Occupational Safety and Health Act ("OSHA") regulations and that PNMR was operating "Chinese-manufactured ZPMC container cranes," which posed "critical national security threats." See id. ¶¶ 156–236 (National Security Threats); id. ¶¶ 237–379 (OSHA).

Plaintiff alleges that, on August 9, 2022, PNMR suspended him for one week, citing additional attendance violations. Id. ¶ 502. Next, Plaintiff alleges that PNMR suspended him again on August 31, 2022, this time for two weeks, citing additional

attendance violations. Id. ¶ 504. Plaintiff further alleges that, on January 21, 2023, he nearly fell from a crane, sustaining a laceration on his leg. Id. ¶¶ 53–55. Plaintiff alleges that, on January 23, 2023, PNMR issued him another warning and three-week suspension, citing further attendance violations. Id. ¶ 506. Finally, Plaintiff alleges that, on January 27, 2023, PNMR terminated his employment and barred him from the facility for additional attendance violations. Id. ¶¶ 72-75, 79.

**B. Procedural History**

Plaintiff commenced this action in January 2024 with a "draft" complaint to "preserve the statute of limitations," stating that it would be "amended and refiled within the coming weeks." See ECF No. 1 ("Complaint"). On May 1, 2024, the Court granted Plaintiff's Motion to Amend the Complaint. See ECF Nos. 3, 4. On June 26, 2024, PNMR moved to dismiss the First Amended Complaint ("FAC"). ECF No. 9. In a letter order dated January 31, 2025, the Court granted PNMR's motion. ECF No. 15. Specifically, the Court dismissed seven of Plaintiff's eight causes of action with prejudice as barred by the mandatory grievance and arbitration procedure under the collective bargaining agreement covering his employment. ECF No. 15 at 4-6. The Court dismissed Plaintiff's remaining claim under CEPA because Plaintiff failed to allege sufficient temporal proximity between Plaintiff's alleged whistleblowing activities and any adverse employment action. ECF No. 15 at 6-7. The Court dismissed Plaintiff's CEPA claim without prejudice and granted

Plaintiff leave to file a second amended complaint within thirty days. ECF No. 15 at 8. The Court cautioned that "any amended complaint should carefully articulate the factual basis underlying a CEPA claim." Id. at 8-9.

Plaintiff filed a Second Amended Complaint ("SAC"), which was first rejected by the Clerk's Office because it was not signed by counsel. See ECF No. 16; March 4, 2025 Docket Entry. Plaintiff thereafter filed a signed version of the SAC. ECF No. 17. PNMR moved to dismiss the SAC. ECF No. 19. In opposing this motion, Plaintiff attempted to improperly supplement his SAC by filing a declaration containing additional factual allegations, as well as a certification of counsel in sur-reply containing facts and legal arguments. ECF No. 25. Accordingly, by order dated October 29, 2025, the Court terminated PNMR's motion to dismiss the SAC and granted Plaintiff "one final opportunity to file a Third Amended Complaint as to his only remaining CEPA claim." Id. at 2.

Plaintiff filed the TAC on November 30, 2025, and PNMR moved to dismiss the TAC on December 30, 2025. ECF Nos. 26, 27. In the Letter Order, the Court granted PNMR's motion and dismissed the TAC with prejudice. ECF No. 33 at 6. The Court first found that the TAC failed to comply with Fed. R. Civ. P. 8. ECF No. 33 at 3-4. The Court noted that the sheer length of the TAC (122 pages and 784 paragraphs) raised significant Rule 8 concerns. Id. at 3. The Court added that, aside from its length, the TAC was needlessly repetitive, also in violation of Rule 8. Id. a

3-4. As a result, the Court found that it would be unduly burdensome to require PNMR to respond to and defend against such allegations. Id. at 4.

The Court further found that, even if the TAC had been pled with the clarity and brevity required by Rule 8, Plaintiff failed to plausibly allege a CEPA claim. The Court noted that Plaintiff alleged two categories of adverse employment consequences: (1) failure to compensate for overtime, and (2) warnings, suspensions, and termination. Id. at 4. The Court found that Plaintiff failed to plausibly alleged causation because both categories of adverse employment actions allegedly occurred or began to occur before Plaintiff allegedly blew the proverbial whistle. Id. at 5. Specifically, the Court found that, as alleged in the TAC, PNMR's alleged failure to pay overtime preexisted any whistleblowing activity by Plaintiff. Id. The Court also found that the first warning he received, for seven unexcused absences and 28 instances of lateness or early departure, occurred in January 2022, six months before his alleged whistleblowing activity. Id. And even if Plaintiff had not already received a warning based on prior attendance violations in January 2022, his three subsequent suspensions between August 2022 and January 2023 and his January 2023 termination for attendance issues were not sufficiently close in time to support a prima facie case under CEPA. Id. The Court accordingly found that Plaintiff failed to plausibly allege that his warnings, suspension, and termination were causally connected to his alleged whistleblowing complaint, and on that

additional basis, dismissed the CEPA claim. Id. The Court dismissed the TAC with prejudice and directed the Clerk of the Court to close the case. Id. at 6. This motion for reconsideration followed. ECF No. 34.

## STANDARD OF REVIEW

A party seeking reconsideration must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is "an extraordinary remedy" that courts grant "very sparingly." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). "Mere disagreement with a decision of the District Court" is not a proper basis for a motion for reconsideration. Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Here, Plaintiff does not come close to meeting the standard for reconsideration.

## LEGAL ARGUMENT

## PLAINTIFF'S MOTION FOR RECONSIDERATION MUST BE DENIED

### A. Plaintiff's Motion for Reconsideration Does Not Include a Brief as Required by L. Civ. R. 7.1(i).

At the outset, pursuant to Local Civil Rule 7.1(i), the party seeking reconsideration must include "[a] brief setting forth concisely the matter or controlling decisions which the party believes the judge has overlooked." L. Civ. R.

7.1(i). Although Plaintiff states in his motion that he is relying upon "the Memorandum of Law and the Declaration of Tyrone A. Blackburn, Esq., both submitted herewith," no memorandum of law or declaration accompanies his motion. See ECF No. 34. Instead, he provides a list of four purported grounds for seeking reconsideration in the body of the Notice of Motion he filed. See ECF No. 34 at 2. As this list is undisputedly not a brief, his motion for reconsideration fails to comply with Local Civil Rule 7.1(i). See Harden v. Absolute Home Mortgage Corp., Case No. 24-cv-10402-ESK-MJS, 2025 WL 136416, *3 (D.N.J. May 12, 2025) (noting that "a motion for reconsideration 'shall be served and filed within 14 days after the entry of the order or judgment on the original motion' and must include '[a] brief setting forth concisely the matter or controlling decisions which the party belief the Judge has overlooked.' L. Civ. R. 7.1(i)," and denying motion for reconsideration where it was "neither timely nor accompanied by a brief"), aff'd, No. 25-2009, 2026 WL 837284 (3d Cir. Mar. 26, 2026). On this basis alone, Plaintiff's motion for reconsideration must be denied.

**B. Each Ground for Reconsideration Set forth in Plaintiff's Notice of Motion Lacks Merit.**

Even if the Court were to excuse Plaintiff's failure to include a brief as required by Local Civil Rule 7.1(i), each purported ground for seeking reconsideration in the body of his Notice of Motion lacks merit.

**1. The Court properly found that the TAC was unnecessarily verbose in violation of Fed. R. Civ. P. 8.**

Plaintiff first argues that "the Third Amended Complaint satisfies Fed. R. Civ. P. 8, which imposes minimal burdens and prescribes no maximum length, and PNMR's ability to mount an element-by-element attack on the pleading establishes that it received fair notice of the claim against it." ECF No. 34 at 2 (subparagraph (a)). To the contrary, Rule 8 provides that a pleading that includes a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 thus emphasizes "clarity and brevity." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 (4th ed. 2026). "As the word 'Rule' implies, Rule 8 is not merely aspirational; if a complaint does not comply with the Rule, it may be stricken." Mendez v. Draham, 182 F. Supp. 2d 430, 433 (D.N.J. 2002).

Here, Plaintiff's TAC is three times longer than Plaintiff's eight-claim FAC and spans 122 pages and 784 paragraphs. Letter Order at 3. As the Court found in the Letter Order, courts routinely dismiss unduly verbose complaints for failure to comply with Rule 8. Letter Order at 3. See also Adderly v. Stofko, 646 F. App'x 138, 139 (3d Cir. 2016) (affirming dismissal of 544-paragraph complaint for failing to comply with Rule 8); In re Westinghouse Securities Litig., 90 F.3d 696, 703 (3d Cir. 1996) (affirming dismissal of 240-page, 600-paragraph complaint based on Rule

8 after the court had already "narrowed" plaintiff's claims); Untracht v. Fikri, 368 F. Supp. 2d 409, 413 (W.D. Pa. 2005) (dismissing amended complaint containing 112 pages and 655 paragraphs). Thus, the Court properly dismissed the TAC as unduly verbose pursuant to Fed. R. Civ. P. 8.

**2. The Court properly found that the TAC was unnecessarily repetitive, also in violation of Fed. R. Civ. P. 8.**

Next, Plaintiff argues that "the factual detail the Order treats as excessive was added in direct response to the Court's own instruction to 'carefully articulate the factual basis underlying a CEPA claim' and to PNMR's repeated objection that Plaintiff's earlier pleadings failed to identify the conduct he believed unlawful or the law he believed it violated." ECF No. 34 at 2 (subparagraph (b)). Not so. As the Court observed, Plaintiff alleges "no less than twenty times that he received '9 years' of medical accommodations before receiving his first warning." Letter Order at 3 (citing, e.g., TAC ¶¶ 119(d), 150, 153, 231, 729(c), 743(b), 746(a), 748(a)). Moreover, as the Court noted, "Plaintiff states ten separate times the fact that OSHA regulates 'workers at heights of 20-40+ feet' and/or that falling from such heights may lead to catastrophic injury or death." Letter Order at 3 (citing, e.g., TAC ¶¶ 119(b), 270, 289, 709(a)(iv)). The Court further noted that "[s]even times, he also states that he 'gashed [his] leg.'" Letter Order at 3 (citing, e.g., TAC ¶¶ 56, 580, 590, 597, 760). Such "[e]xcessive repetition is grounds for dismissal under Rule 8." Letter Order at 3; see also Untracht, 368 F. Supp. 2d at 414 ("paragraphs one through

sixty-three recount in repetitive and impertinent language the events leading up to July of 1999"); Mendez, 182 F. Supp. 2d at 433 ("Much of the pointless redundancy arises from [plaintiff's counsel's] apparent insistence upon repeating the same allegations over and over"). Thus, the TAC does not include "factual detail" needed to articulate his CEPA claim, as Plaintiff argues, but rather, pointless redundancy that fails to state a viable claim. Cf. Untracht, 368 F. Supp. 2d at 414; Mendez, 182 F. Supp. 2d at 433. For this additional reason, the Complaint was properly dismissed.

**3. The Court correctly relied on the chronology set forth in the TAC in finding that Plaintiff failed to plausibly allege a CEPA claim.**

Third, Plaintiff argues that "the Order rests on a chronology the record contradicts, including a footnote attributing to the Third Amended Complaint a disciplinary date that appears nowhere in that pleading." ECF No. 34 at 2 (subparagraph (c)). Again, this argument fails. Plaintiff does not specify what footnote he is referring to. Regardless, the Letter Order accurately recounts the chronology set forth in the TAC. Footnote 2 of the Letter Order accurately cites Plaintiff's TAC as alleging that his alleged whistleblowing complaints were made in "July 2022 (beginning of month)." Letter Order at 2 n.2 (quoting TAC ¶ 304). Footnote 3 of the Letter Order and the surrounding text, in turn, correctly cite the chronology of the alleged disciplinary actions taken against Plaintiff as follows: first written warning on January 11, 2022, Letter Order at 2 n.3 (citing TAC ¶ 33); second

written warning on August 9, 2022, Letter Order at 2 n.3 (citing TAC ¶ 37); third written warning and two week suspension on August 31, 2022,[1] Letter Order at 2 n.3 (citing TAC ¶ 43); and fourth written warning and three week suspension on January 23, 2023, Letter Order at 2 & 2 n.3 (citing TAC ¶ 506).

CEPA prohibits an employer from taking "retaliatory action" against an employee for engaging in protected conduct. See N.J.S.A. § 34:19-3. As the Court correctly found, "[a] retaliation claim cannot succeed when adverse action comes before the protected activity." Letter Order at 4-5 (citing Glanzman v. Metro Mgmt. Corp., 391 F.3d 506, 516 (3d Cir. 2004)). Here, Plaintiff alleges that he received his first warning for seven unexcused absences and 28 instances of lateness and early departure in January 2022, six months before his alleged whistleblowing activity in the beginning of July 2022. See Letter Order at 5 (citing TAC ¶ 33). Moreover, as the Court found, after this first warning, attendance issues continued to form the basis for the three warnings and suspensions that he received between August 2022 and January 2023, as well as his January 2023 termination. Letter Order at 5 (citing TAC ¶¶ 37, 43, 49, 75, 78).

Moreover, even if Plaintiff had not already received a warning for attendance issues in January 2022, the Court correctly found that there was an insufficient

[1] Although the Letter Order cites the date of Plaintiff's third written warning as August 21, 2022, see Letter Order at 3 n.3 (quoting TAC ¶ 43), the TAC alleges that Plaintiff received the third written warning on August 31, 2022. TAC ¶ 43.

temporal proximity between his alleged whistleblowing activity in early July 2022 and the three warnings he subsequently received between August 2022 and January 2023, and his January 2023 termination. See Letter Order at 5. As the Court noted, "[a]t least a month elapsed between Plaintiff's early July 2022 alleged whistleblowing and his August 9, 2022 suspension." Letter Order at 5 (citing TAC ¶¶ 304, 333). "'Courts have found periods of six weeks or even three weeks between protected activities and adverse employment actions as insufficiently close to support a prima facie case under CEPA alone.'" Letter Order at 5 (quoting Gligor v. Alley Cat Allies, Inc., No. 1:20-CV-19956, 2023 WL 3558191, at *4 (D.N.J. May 18, 2023)); accord Choy v. Comcast Cable Commc'ns, LLC, 629 F. App'x 362, 365 (3d Cir. 2015) ("Under the circumstances here, this approximately six-week period fails to raise an inference of causation."); Thomas v. Town of Hammonton, 351 F.3d 108, 114, 116 (3d Cir. 2003) (three-week gap between plaintiff's complaint and termination letter was "not so close as to be unduly suggestive" to create an inference of retaliation under, inter alia, CEPA). What is more, Plaintiff continued to have attendance issues after the discipline he received on August 9, 2022. See TAC ¶ 43 (third written warning and suspension for not coming into work on time on August 31, 2022); TAC ¶ 49 (fourth written warning and suspension for not coming into work on time on January 23, 2023); TAC ¶¶ 73, 75, 78 (termination on January 27, 2023, for leaving work and assigned duties without authorization); cf. Thomas, 351

F.3d at 114 (noting that plaintiff's "attendance record during the intervening three-week period" between the date of her complaint and her termination, among other factors, further undermined inference of retaliation). Thus, the very chronology alleged in the TAC, correctly cited by the Court, forecloses Plaintiff's CEPA claim.

**4. Having had multiple chances to amend, Plaintiff was not entitled to another attempt at a curative amendment.**

Finally, Plaintiff argues that "the Order does not address the curative-amendment requirement of Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) … and dismisses with prejudice where PNMR's own moving and reply papers requested, in the alternative, that Plaintiff be directed to file a conforming amended complaint." ECF No. 34 at 2 (subparagraph (d)). This argument also fails. Phillips holds that "a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236 (emphasis added). However, additional curative amendments are not required where, as here, a plaintiff has already been given the opportunity to amend. See, e.g., LaSpina v. SEIU Pennsylvania State Council, 985 F.3d 278, 291 (3d Cir. 2021) (leave to amend not required where plaintiff "already has amended her complaint twice and, when pressed at oral argument, failed to suggest what she might add were the District Court to grant leave to amend it again"); Riboldi v. Warren Cnty. Dep't of Hum. Servs., 781 F. App'x 44, 47 (3d Cir. 2019) (denying leave to amend where allegations in complaint and response to

motion to dismiss were deficient, and plaintiff "already had two chances to amend his claims"); Vorchheimer v. Philadelphian Owners Ass'n, 903 F.3d 100, 113 (3d Cir. 2018) (denying leave to amend where plaintiff "had already amended her complaint once and did not move to amend again or suggest what she might add. The District Court concluded that further amendment would be futile. We agree."); Vurimindi v. City of Philadelphia, 521 F. App'x 62, 66 (3d Cir. 2013) (district court did not abuse discretion in dismissing third amended complaint with prejudice where court provided plaintiff with "multiple opportunities to amend his complaint and gave him specific instructions as to what must be included in order to state a claim for relief," but plaintiff did not do so).

Here, Plaintiff had three opportunities to amend his complaint. In granting PNMR's motion to dismiss the FAC, the Court explained precisely why Plaintiff's CEPA claim was deficient – his failure to allege sufficient temporal proximity between his alleged whistleblowing activities and any adverse employment action. ECF No. 15 at 6-7. The Court cautioned that "any amended complaint should carefully articulate the factual basis underlying a CEPA claim." Id. at 8-9. Then, in response to PNMR's motion to dismiss the SAC, Plaintiff improperly attempted to supplement his SAC with declarations containing factual allegations not included in the SAC, prompting the Court to terminate PNMR's motion to dismiss and afford Plaintiff "one final opportunity to file a Third Amended Complaint as to his only

remaining CEPA claim." ECF No. 25 at 2. In response, Plaintiff filed a TAC that clearly failed to comply with the clarity and brevity requirements of Fed. R. Civ. P. 8, and clearly failed to plausibly allege temporal proximity between his alleged whistleblowing activity and the adverse employment actions of which he complains. Letter Order at 3-5. Under these circumstances, Plaintiff was not entitled to yet another attempt at a curative amendment. Cf. LaSpina, 985 F.3d at 291; Riboldi, 781 F. App'x at 47; Vorchheimer, 903 F.3d at 113; Vurimindi, 521 F. App'x at 66.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for reconsideration.

Respectfully submitted,

**K&L GATES LLP**

Attorneys for Defendant
Port Newark Maintenance and Repair, LLC

By: /s/ George P. Barbatsuly

One Newark Center – 10th Floor
Newark, New Jersey 07102
Telephone (973) 848-4000
Fax (973) 848-4001
george.barbatsuly@klgates.com

Dated: September 8, 2026