**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROBERT PORCELLI,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**PORT NEWARK MAINTENANCE AND REPAIR, LLC,**<br><br>***Defendant.*** | **Civil Action No. 24-504**<br><br>**ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Robert Porcelli's ("Plaintiff") Motion for Reconsideration of the Court's August 20, 2026 Order, ECF No. 33 ("Order"),[1] and, in the alternative, to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), ECF No. 34 ("Motion");

and it appearing that Defendant opposes the Motion, ECF No. 35 ("Opposition");

and it appearing that the Order granted Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint pursuant to Federal Rule 12(b)(6) and dismissed Plaintiff's sole remaining claim under the New Jersey Conscientious Employee Protection Act with prejudice, see Order;

and it appearing that a motion for reconsideration under Local Rule 7.1(i) must include "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked," see L. Civ. R. 7.1(i);

and it appearing that, although the Motion states that "Plaintiff shall rely upon the Memorandum of Law and the Declaration of Tyrone A. Blackburn, Esq., both submitted herewith," see Motion at 2, neither a memorandum of law nor a declaration was filed with the Motion;

[1] Defined terms used herein and not otherwise defined refer to the terms as defined in the Order.

and it appearing that reconsideration is an "extraordinary remedy" to be granted "very sparingly," Interfaith Community Org. v. Honeywell Intern., Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted);

and it appearing that a party seeking reconsideration must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled on the underlying motion]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice," Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999);

and it appearing that Plaintiff has not identified an intervening change in the controlling law, see generally Motion;

and it appearing that Plaintiff has not identified the availability of new evidence that was not available when the Court entered the Order, see generally Motion;

and it appearing that although Plaintiff invokes clear error and manifest injustice, the Motion does not identify a controlling decision[2] or material issue of fact[3] overlooked by the Court; see generally Motion;

and it appearing that Plaintiff's generalized objections to the Court's Rule 8 and CEPA analyses amount to disagreement with the Order and do not warrant reconsideration, see U.S. v.

[2] Plaintiff states that the Order "does not address the curative-amendment requirement of Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008)". Mot. at 2. This argument ignores the fact that the Court previously granted Plaintiff multiple attempts to file a viable complaint and that the Court cautioned Plaintiff that it would be his "one final opportunity" to plead his sole remaining CEPA claim. ECF No. 25 at 2.

[3] Plaintiff states that the Order "rests on a chronology the record contradicts, including a footnote attributing to the Third Amended Complaint a disciplinary date that appears nowhere in that pleading," see Mot. at 2. Plaintiff, however, fails to identify how the record generally contradicts the chronology set forth in the Order. See generally Mot. In any event, the Court's determination that the Third Amended Complaint failed to state a CEPA claim did not depend on the precise date of any attendance-related discipline. The Third Amended Complaint alleged that Plaintiff received an attendance warning in January 2022, before the alleged protected activity in early July 2022, and that the later suspensions and termination likewise concerned attendance violations.

$7,599,358.09, 953 F. Supp. 2d 549, 565 (D.N.J. 2013) ("A party's mere disagreement with the Court's decision does not warrant reconsideration") (citation omitted);

**IT IS** on this 21 day of September, 2026;

**ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 34, is **DENIED**.

***s/ Madeline Cox Arleo***
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**